IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JULIA S.,[1]

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-00175-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Julia O. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") on July 25, 2016. For the reasons that follow, the Court AFFIRMS the Commissioner's Decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied for DIB on May 28, 2013. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held two hearings and issued an unfavorable decision on July 25, 2016. After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a complaint in this Court on September 4, 2018 seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion

must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the Plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability through the date she was last insured. At step two, the ALJ found that Plaintiff had the following severe limitations: "degenerative disc disease; cervicalgia; fibromyalgia; psychotic disorder; anxiety; and adjustment disorder (20 CFR 404.1520(c))." Tr. 22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform light work as defined in 20 CFR 404.1567(b). She could lift and/or carry 20 pounds occasionally and 10 pounds frequently in an eight-hour workday. She could stand and/or walk for six hours and sit for six hours in an eight-hour workday. She could perform simple routine repetitive tasks consistent with unskilled work. She could perform low-stress work, which is defined as work that required only few decisions and changes throughout the workday. She could have occasional contact with co-workers. She could have occasional superficial contact with the public.

Tr. 25. At step four, the ALJ found that Plaintiff could not perform any past relevant work. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including hand packager and janitor. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (i) whether the ALJ improperly discounted the opinion of Plaintiff's treating psychiatrist, Dr. Fickle, and (ii) whether the ALJ

improperly rejected the testimony of the psychiatric expert, Dr. McDevitt, and failed in his duty to further develop the record. Each issue is addressed in turn below.

### I. Dr. Fickle's Opinion

The ALJ gave the opinion of Plaintiff's treating psychiatrist, Dr. Fickle, partial weight. Plaintiff argues that this was improper because the ALJ failed to cite to the record and ignored evidence that was consistent with Dr. Fickle's determination. Plaintiff further argues that the Commissioner's explanations are improper post-hoc rationalizations for the ALJ's decision.

Principles of administrative law require district courts to review the ALJ's decision based on the ALJ's stated reasoning and factual findings—post hoc rationalizations are not allowed. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009). If a treating doctor's opinion is contradicted by a non-examining doctor's opinion, an ALJ may reject the treating doctor's opinion by giving a specific and legitimate reason. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (internal quotation marks omitted). A treating doctor's opinion can be given controlling weight only if it is not inconsistent with other substantial evidence in the record. Social Security Ruling (SSR) 96-2p, *available at* 1996 WL 374188, at *2.

"[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec.*, 359

F.3d 1190, 1195 (9th Cir. 2004). An ALJ may also discount medical opinions that are not supported by the doctor's own treatment records, *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003), or that are inconsistent with a claimant's activity level. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, the ALJ's justifications for discounting Dr. Fickle's testimony was legally adequate. The issue revolves around the inconsistency between the form that Dr. Fickle submitted to the Commissioner that outlined Dr. Fickle's assessment of Plaintiff's health and Dr. Fickle's full treatment notes spanning the duration of his treating relationship with Plaintiff. The ALJ explained that Dr. Fickle's opinion was grossly inconsistent with his treatment notes. For example, his mental status exams revealed minimal abnormalities and his notes indicated that Plaintiff only had mild somatic illusions after her medication was adjusted. But the opinion Dr. Fickle submitted to the Commissioner indicated that Plaintiff's symptoms were generally moderately-severe to severe. He also assessed improvement in Plaintiff's psychotic disorder and anxiety after medication adjustments and stated that Plaintiff was "doing fairly well" in is treatment notes. Tr. 471. In multiple follow-up visits, Dr. Fickle again assessed Plaintiff's condition as mild or stable with minimal abnormalities—a assessment in tension with his submitted opinion to the Commissioner indicating that Plaintiff's condition was moderately-severe to severe. And when Plaintiff complained of a new twitching symptom that may be attributable to the medication, Dr. Fickle thought it fine to have Plaintiff go unmedicated because "she had manageable psychotic symptoms for most of her adult life," which was in

tension with the grim prognosis he had submitted to the Commissioner. The ALJ also explained that the record showed a fairly high level of functioning with respect to activities of daily living during the period that she was purportedly having side effects. These are all specific and legitimate reasons for discounting the opinion of a treating doctor. *See Jamerson*, 112 F.3d at 1066.

Plaintiff nonetheless argues that the ALJ failed to cite directly to the record and, even if the ALJ's opinion is supported, that the Commissioner cannot now cite the relevant supporting evidence in his brief because this would be an improper post-hoc rationalization. But Plaintiff misconstrues what it means for a rationalization to be post-hoc.

As a threshold matter, the ALJ's decision to not directly cite to the record does not necessarily undermine the veracity of his assessment even though his underlying rationale may be less clear. "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121. To the extent that the Commissioner is not providing new justifications for an otherwise unsupported decision, the post-hoc rule is not violated. There is nothing problematic about pointing to the relevant evidence or absence thereof to assess the ALJ's determination—the Court can uphold the Commissioner's decision if its reasoning is discernable and explicit record references simply help to discern the ALJ's path. Plaintiff cites no case law that precludes the Commissioner from citing to the relevant portions of the record that are congruent

with the ALJ's positions. Thus, the Commissioner is not providing improper post-hoc rationalizations and the ALJ's justifications suffice.

## II. Dr. McDevitt's Opinion

Dr. McDevitt was an examining psychiatrist who testified at Plaintiff's hearing. The ALJ gave Dr. McDevitt's testimony little weight. Plaintiff argues that the ALJ improperly discounted Dr. McDevitt's opinion and further argues that ALJ violated his duty to develop the record by not following up to clarify portions of Dr. McDevitt's testimony that Plaintiff deemed vague.

An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Internal inconsistencies in a doctor's opinion are relevant to the weight the opinion deserves. *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 603 (9th Cir. 1999). ALJs have an independent duty to fully and fairly develop the record. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). This duty is only triggered when the evidence is ambiguous or when the record is inadequate to properly evaluate the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *see also McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2010) (explaining that the duty to develop the record is not triggered when the reports of two treating physicians were not unclear or ambiguous).

Here, the ALJ pointed to specific evidence for discounting Dr. McDevitt's opinion. Dr. McDevitt testified that Plaintiff met the criteria for Somatoform Disorders, Listing 12.07, which would result in an automatic finding of disability. To meet the criteria of Listing 12.07, a claimant must have at least two of the following:

Page 8 – OPINION AND ORDER

1) marked restrictions in activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.07. The ALJ then went through the criteria of Listing 12.07 step by step during the hearing and did not agree with Dr. McDevitt's assessment. *See* Tr. 54–55. The ALJ concluded that Dr. McDevitt did not correctly assess restrictions in these categories and that Plaintiff did not satisfy all the criteria. Additionally, the ALJ explained that Dr. McDevitt's testimony was internally inconsistent because he testified that her mental impairments met listing 12.07 but assessed no more than moderate difficulties in functioning. ALJ also noted that Plaintiff's psychotic symptoms rapidly improved and that her mood stabilized with medications—which Dr. McDevitt agreed with. These are valid reasons for discounting Dr. McDevitt's opinion regarding Plaintiff's qualifications under Listing 12.07.

Plaintiff further argues that the ALJ failed in his duty to develop the record by not asking further follow-ups from Dr. McDevitt. It is unclear why Plaintiff believes further clarification regarding Dr. McDevitt's testimony would have changed the weight the ALJ would have given Dr. McDevitt's opinion—the ALJ simply explained that the medical record didn't support a finding of disability with respect to Listing 12.07. Nevertheless, the duty is only triggered when the record is inadequate to evaluate the evidence and there is no reason to think the record was inadequate here. The ALJ simply explained that the record was not consistent with Dr. McDevitt's

testimony. *Mayes*, 276 F.3d at 459–60. Plaintiff argues that it was unclear which timeframe Dr. McDevitt was referring to in his testimony, which is particularly important because the very purpose of Dr. McDevitt's testimony is to determine the onset of disability since Plaintiff's date of last insured was remote. But Dr. McDevitt repeatedly gave his opinions in the present tense and the ALJ did not find Dr. McDevitt's opinion to be ambiguous. The Court's reading of his testimony also doesn't indicate sufficient ambiguity to make the record inadequate to provide for a proper evaluation of the record. A further issue with Plaintiff's argument is that she is giving her own interpretation of the evidence in questioning the ALJ's decision but not explaining why the ALJ's decision lacked substantial support or fell short of his legal duty. That is, even if further clarification would have been helpful, it doesn't mean that further clarification was needed to support the ALJ's decision. Thus, the ALJ did not err in his assessment of Dr. McDevitt's opinion.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 25th day of March, 2019.

_____
Ann Aiken
United States District Judge